# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  January 28, 2021

```
* * * * * * * * * * * * *
BRADLEY ROBERT WILSON,        *        UNPUBLISHED
                              *
        Petitioner,           *        No. 19-554V
                              *        Special Master Gowen
v.                            *
                              *        Attorneys' Fees and Costs
SECRETARY OF HEALTH           *
AND HUMAN SERVICES,           *
                              *
        Respondent.           *
* * * * * * * * * * * * *
```

Hsien C. Chang, McGehee, Chang, Barnes, Landgraf, Houston, TX, for Petitioner.
Heather L. Pearlman, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 23, 2020, Bradley Wilson ("Petitioner") filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 30). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$19,573.44**.

## I.        Procedural History

On April 15, 2019, Petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of receiving an influenza vaccination on September 27, 2018, he suffered transverse myelitis. *See* Petition (ECF No. 1). On September 17, 2020, the parties filed a stipulation, which I adopted as my decision awarding compensation on September

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

18, 2020. (ECF No. 26).

On September 23, 2020, Petitioner filed a motion for final attorneys' fees. Petitioner requests compensation in the total amount of $23,448.44, representing $22,890.00 in attorneys' fees and $558.44 in costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner warrants he has not personally incurred any costs in pursuit of this claim. (ECF No. 29). Respondent reacted to the fees motion on September 24, 2020, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2. (ECF No. 31). Petitioner did not file a reply thereafter.

The matter is now ripe for adjudication.

II.      **Analysis**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a.  **Attorneys' Fees**

Petitioner requests that his attorney, Mr. H.C. Chang, be compensated at an hourly rate of $420.00 for all work performed in this case, from 2018 to 2020. This is Mr. Chang's first Vaccine Program case and therefore a determination must be made as to a reasonable hourly rate. Because Mr. Chang practices law in Houston, Texas, he is entitled to forum rates.

Mr. Chang has been licensed to practice law since 2001, giving him approximately 17 years of experience when he commenced work on this matter in 2018 and placing him in the 11-19 years of experience tier pursuant to the OSM Fee Schedules.[3] In determining the factors to be considered in awarding reasonable forum rates, *McCulloch*, the seminal case on reasonable attorneys' rates, delineated the following factors:

1. The prevailing rate for comparable legal work in the forum of Washington D.C.;

---

[3] The fee schedules are available at: http://www.cofc.uscourts.gov/node/2914.

2. the Prevailing Rate for Cases in the Vaccine Program;
3. The experience of the attorneys in the Vaccine Program;
4. The overall legal experience of the attorneys;
5. The quality of work performed in vaccine cases; and
6. Reputation in the legal community and community at large.

*McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at * 17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Per the fee schedules, Mr. Chang's requested rate exceeds the maximum rate for 2018 and 2019 and is almost the maximum rate for 2020 for an attorney with his experience. As previously mentioned, this is also Mr. Chang's first Vaccine Program case and although he did a good job, a review of the billing records show some indication of this inexperience, billing for research that a more experienced attorney typically would not have to do.

Upon review of Mr. Chang's credentials and the *McCulloch* factors, I find the following rates to be reasonable: $360.00 per hour for work performed in 2018, $370.00 per hour for work performed in 2019, and $380.00 per hour for work performed in 2020. Application of these rates results in a reduction of $2,795.00.[4]

Upon review of the billing entries, I find them to be largely reasonable. However, a small reduction must be made due to time billed by Mr. Chang to educate himself on basic aspects of the Vaccine Program, such as court procedure and whether petitioner's vaccination was one that was covered by the program. "[I]t is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." Matthews v. Sec'y of Health & Human Servs., No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." Carter v. Sec'y of Health & Human Servs., No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007).

Upon review, a reasonable reduction for this time is $1,080.00, representing three hours of work in 2018. Accordingly, Petitioner is awarded final attorneys' fees of $19,015.00.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $558.44, representing acquisition of medical records and the Court's filing fee. Petitioner has provided adequate documentation supporting all of the requested costs, and all appear reasonable in my experience. Petitioner is therefore entitled to the full amount of costs sought.

### III.    Conclusion

---

[4] 2018: ($420.00 per hour requested - $360.00 per hour awarded) * 23.7 hours billed = $1,422.00
2019: ($420.00 per hour requested - $370.00 per hour awarded) * 14.1 hours billed = $705.00
2020: ($420.00 per hour requested - $380.00 per hour awarded) * 16.7 hours billed = $668.00

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $22,890.00 |
| (Reduction of Fees) | - ($3,875.00) |
| **Total Attorneys' Fees Awarded** | **$19,015.00** |
| | |
| Attorneys' Costs Requested | $558.44 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$558.44** |
| | |
| **Total Attorneys' Fees and Costs** | **$19,573.44** |

**Accordingly, I award a lump sum in the amount of $19,573.44, representing reimbursement for Petitioner's attorneys' fees, in the form of a check payable to Petitioner and his attorney, Mr. Hsien Chang.[5]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[6] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).